[Cite as *Wiltz v. Ohio State Univ. Wexner Med. Ctr.*, 2022-Ohio-4533.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Cassandra Wiltz,                                    :

          Plaintiff-Appellant,           :           No. 21AP-553
                                             (Ct. of Cl. No. 2021-00392JD)

v.                                                 :

The Ohio State University Wexner           :           (REGULAR CALENDAR)
Medical Center,                                    :

          Defendant-Appellee.           :

                                             :

D E C I S I O N

Rendered on December 15, 2022

**On brief**: *Cassandra Wiltz*, pro se. **Argued**: *Cassandra Wiltz*.

**On brief**: *Dave Yost*, Attorney General, and *Brian M. Kneafsey, Jr.*, for appellee. **Argued**: *Brian M. Kneafsey, Jr.*

APPEAL from the Court of Claims of Ohio

McGRATH, J.

{¶ 1} This is an appeal by plaintiff-appellant, Cassandra Wiltz, from a judgment of the Court of Claims of Ohio which granted a motion to dismiss filed by defendant-appellee, The Ohio State University Wexner Medical Center ("OSUWMC"), thereby dismissing appellant's refiled complaint.

{¶ 2} On July 12, 2021, appellant filed a pro se complaint against OSUWMC, alleging in part that "from 9/2016 to 9/25/17," OSUWMC and its medical staff failed to properly diagnose and treat her for cancer and other medical problems, and that the staff of OSUWMC "took actions (that included, but was not limited to, 'circulating' and 'putting into my medical records' known false claims) to [e]nsure that I could not get diagnoses and

treatment elsewhere." (Compl. at 1.) Appellant further alleged "[t]his current Comp[l]aint is a re-filing of the charges that were filed by [appellant] on 3/25/19," and that "[i]t includes, but is not limited to, a charge for the negligent omissions of failing [to] provide [appellant] with her medical file and the act of falsely claiming that the file did not exist 'when [appellant] first requested the file in 2017.' " (Compl. at 13.) According to the complaint, "[o]n 2/20/20, the Court of Claims dismissed both the medical claims and the non-medical claims[] of the 3/25/19 Complaint 'without prejudice,' solely because the plaintiff did not file an Affidavit of Merit and could not file such an Affidavit (given that her 2017 medical file was withheld from her)." (Compl. at 12-13.) Also on July 12, 2021, appellant filed a motion to extend the time for filing an affidavit of merit.

{¶ 3} On August 6, 2021, OSUWMC filed a motion to dismiss pursuant to Civ.R. 12(B)(6). In the accompanying memorandum in support, OSUWMC asserted appellant failed to refile her action within the requisite time allowed under R.C. 2305.19, Ohio's savings statute. On August 16, 2021, appellant filed a brief in opposition to OSUWMC's motion to dismiss. In her memorandum in support, appellant argued her refiled complaint was timely based on the tolling provisions of Am.Sub.H.B. No. 197 (enacted by the General Assembly in response to the COVID-19 pandemic).

{¶ 4} On September 22, 2021, the Court of Claims filed an entry granting OSUWMC's motion to dismiss with prejudice. In its entry, the Court of Claims held that appellant "had until February 20, 2021 to refile her complaint," and that the complaint filed on July 12, 2021 was outside the time permitted by R.C. 2305.19, and therefore "untimely." (Entry of Dismissal at 3.)

{¶ 5} On appeal, appellant, pro se, sets forth the following three assignments of error for this court's review:

> [I.] The Court erred (and also made a decision that is not supported by the weight of the evidence that is in the Record and that is arbitrary, capricious, and unreasonable) when it dismissed the entire 7/12/21 Complaint 'on the basis of a claim that it was merely a re-filing of a 3/25/19 Complaint that had been dismissed, without prejudice, on 2/20/20 (because it was not accompanied by an Affidavit of Merit) and it was not a timely re-filing', given that the 7/12/21 Complaint includes a timely-filed charge of Ordinary Negligence that was not included in the 3/25/19 Complaint and that did not require the Filing of an Affidavit of Merit (ie: It includes a charge that the

defendant failed and refused (in 10/2019) to provide the plaintiff with her 2017 medical file, which the plaintiff needed to support the Complaint that she filed on 3/25/19, and caused the 'dismissal of' and 'the plaintiff's inability to pursue/prosecute' the 3/25/19 Complaint and the inability of the plaintiff to get needed medical care.).

[II.] The Court erred (and also made a decision that is not supported by the weight of the evidence that is in the Record and that is arbitrary, capricious, and unreasonable) when it dismissed the entire 7/12/21 Complaint 'on the basis of a claim that it was merely a re-filing of a 3/25/19 Complaint that had been dismissed, without prejudice, on 2/20/20 (because it was not accompanied by an Affidavit of Merit) and it was not a timely re-filing', given that the 7/12/21 Complaint includes a timely-filed charge of Ordinary Negligence that was not included in the 3/25/19 Complaint and that did not require the Filing of an Affidavit of Merit (ie: It includes a charge that the defendant fraudulently altered the plaintiff's 2010 to 2016 medical files 'near the end of 2019', to conceal the fact of 2016 Medical Negligence and also to cause the plaintiff to be unable to use the files to get needed medical care.).

[III.] The Court erred and violated the plaintiff's procedural due process rights, when it made a 9/22/21 order that dismissed (sua sponte) the Ordinary Negligence charges of the Plaintiff's 7/12/21 Complaint, without providing the plaintiff with a notice of the intent to dismiss these charges and an opportunity to be heard (regarding the intent to dismiss).

(Sic passim.)

{¶ 6} Appellant's assignments of error are interrelated and will be addressed together. Appellant first argues (under the first and second assignments of error) that the Court of Claims erred in dismissing her refiled complaint because it contains timely filed "charges" of "Ordinary Negligence" based on her assertion that OSUWMC negligently failed and refused in October 2019 to provide her with her 2017 medical files. (Appellant's Brief at 1.) Appellant maintains "[t]his is a non-medical claim of Ordinary Negligence, which did not require the filing of an Affidavit of Merit." (Appellant's Brief at 5.) According to appellant, the ordinary negligence claim was not included in the first complaint filed March 25, 2019, and she argues such claim was timely because she did not know OSUWMC was not going to provide her with the 2017 medical file until after October 2019. Appellant

also contends (under the third assignment of error) the Court of Claims erred in dismissing her claim for ordinary negligence without providing her notice of intent to dismiss and an opportunity to be heard.

{¶ 7} In response, OSUWMC argues that, while the sole basis for appellant's appeal is her argument that the current case contained allegations of general, in addition to, medical negligence, her appeal fails to address the fact that the refiled complaint was not timely filed. Specifically, OSUWMC notes that appellant did not timely appeal the dismissal of her first complaint, and the refiled complaint was filed "nearly five (5) months too late to be valid" under R.C. 2305.19, the "savings statute." (OSUWMC's Brief at 5.)

{¶ 8} An appellate court's review of a trial court's dismissal under Civ.R. 12(B)(6) is "de novo." *Walsh v. Ohio Dept. of Health*, 10th Dist. No. 21AP-109, 2022-Ohio-272, ¶ 6. A motion to dismiss under Civ.R. 12(B)(6) "tests the sufficiency of the complaint." *Id.* In ruling on such motion, "the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff." *Id.* Under Ohio law, "[a] court may dismiss a complaint as untimely under Civ.R. 12(B)(6) only when, after accepting the factual allegations as true and making all reasonable inferences in favor of the plaintiff, the complaint shows conclusively on its face that the action is time-barred." *Schmitz v. Natl. Collegiate Athletic Assn.*, 155 Ohio St.3d 389, 2018-Ohio-4391, ¶ 11, citing *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, ¶ 11; *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379 (1982).

{¶ 9} R.C. 2305.113(A) provides that "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued." Civ.R. 10(D)(2) requires that "a complaint that contains a medical claim * * * as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." The Supreme Court of Ohio has held that "the purpose of the affidavit of merit is to establish the adequacy of the complaint and thus deter the filing of frivolous medical-malpractice claims." *Troyer v. Janis*, 132 Ohio St.3d 229, 2012-Ohio-2406, ¶ 7.

{¶ 10} Based on the allegations of the refiled complaint, the Court of Claims dismissed the original complaint on February 20, 2020 " 'without prejudice,' solely because

[appellant] did not file an Affidavit of Merit." (Compl. at 12-13.) In this respect, "[a] dismissal for failure to comply with Civ.R. 10(D)(2) 'operate[s] as a failure otherwise than on the merits.' " *Amos v. Van Aman*, 10th Dist. No. 19AP-164, 2019-Ohio-5324, ¶ 6, quoting Civ.R. 10(D)(2)(d).

{¶ 11} In general, "Ohio's savings statutes * * * provide a party a limited period of time to refile a claim that has been dismissed otherwise than upon the merits, even though the claim would be time barred under the statute of limitations." *Brown v. Solon Pointe at Emerald Ridge*, 8th Dist. No. 99363, 2013-Ohio-4903, ¶ 22.

{¶ 12} R.C. 2305.19(A) states in part:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶ 13} Therefore, if an action "fails other than on the merits, 'the savings statute "may be used only once to invoke an additional one-year time period in which to refile an action." ' " *McCarthy v. Lee*, 10th Dist. No. 21AP-105, 2022-Ohio-1033, ¶ 28, quoting *Brownfield v. Krupman*, 10th Dist. No. 14AP-294, 2015-Ohio-1966, ¶ 10, quoting *Boggs v. Baum*, 10th Dist. No. 10AP-864, 2011-Ohio-2489, ¶ 30.

{¶ 14} In ruling that appellant's refiled complaint was untimely, the Court of Claims held in relevant part:

> Initially, though not addressed by the parties, the court finds that [appellant's] claims accrued, at the latest, on September 25, 2017, the date [appellant] alleges she was diagnosed with breast cancer and the date [appellant] would have become aware of potential substandard medical treatment by [OSUWMC's] employees. Thus, the statute of limitations as to [appellant's] claims expired, at the latest, on September 25, 2019. * * *
>
> As the court dismissed [appellant's] first complaint on February 20, 2020, the one-year provis[i]o[n] of R.C. 2305.19 applied as it would expire after the statute of limitations. Thus, [appellant] needed to refile her complaint on or before February 20, 2021. The court finds [appellant's] argument that

the Supreme Court's Tolling Order and Am. Sub. H.B. 197, which both resulted from the COVID-19 pandemic, tolled the one-year period set forth in R.C. 2305.19 unavailing. Both the Supreme Court's Order and H.B. 197 specify that their tolling provisions only apply to dates set to expire during the period from March 27, 2020 until July 30, 2020. * * * As [appellant] had until February 20, 2021 to refile her complaint, tolling did not apply and, consequently, her July 12, 2021 complaint in this case is untimely.

(Entry of Dismissal at 2-3.)

{¶ 15} We note appellant's pro se brief does not challenge the Court of Claims' dismissal of her medical claim as untimely, i.e., appellant does not assign as error the Court of Claims' determination that her refiled medical claim was not filed within the one-year statute of limitations under R.C. 2305.113, or within one year of the dismissal of the original complaint as required by the savings statute. Appellant also does not challenge, on appeal, the Court of Claims' determination that appellant's reliance on the tolling provisions of Am.Sub.H.B. No. 197, enacted in response to the COVID-19 pandemic, was "unavailing."

{¶ 16} Rather, the arguments raised by appellant under the first and second assignments of error address purported error by the Court of Claims in failing to recognize that the refiled complaint "included both the re-filed claims of the 3/25/19 Complaint and new claims related to 10/2019 acts/omissions of Ordinary Negligence." (Appellant's Brief at 4.) Specifically, the focus of appellant's argument on appeal is that the Court of Claims erred in dismissing an "Ordinary Negligence" claim based on her allegation in the refiled complaint that OSUWMC "negligently failed and refused 'in 10/2019' to provide [appellant] with her 2017 medical file," and that "[t]his is a non-medical claim of Ordinary Negligence, which did not require the filing of an Affidavit of Merit." (Appellant's Brief at 5.) Appellant further contends that her refiled complaint was timely because it includes a new cause of action for ordinary negligence which has a two-year statute of limitations and is based on allegations relating to October 2019, i.e., her claim she "did not know * * * she was not going to be provided with her 2017 medical file until 'after 10/2019.' " (Appellant's Brief at 9.)

{¶ 17} In support of her argument that the refiled complaint sets forth an ordinary negligence claim, appellant contends that OSUWMC "had a duty, prescribed by Ohio Rev. Code § 3701.74 * * * to provide [appellant] with her medical file." (Emphasis sic.)

(Appellant's Brief at 6.) We note that appellant's refiled complaint before the Court of Claims does not cite to R.C. 3701.74. Even had appellant invoked that provision, however, it would not state a claim for relief in negligence.

{¶ 18} R.C. 3701.74(C) provides in part that if a health care provider "fails to furnish a medical record as required by division (B) of this section," a patient may bring an action "to enforce the patient's right of access" to the record. While the above statutory provision pertains to a patient's right "to enforce * * * access" to medical records, it does not provide a cause of action for monetary relief for which the Court of Claims has jurisdiction. Further, appellant cites no authority recognizing a cause of action in negligence for failure to produce medical records, and we find no error by the Court of Claims in purportedly failing to consider such an ordinary negligence claim in granting the motion to dismiss.

{¶ 19} Appellant also maintains her complaint sets forth a claim that OSUWMC "fraudulently altered 2010 to 2016 medical files * * * provided to [appellant] during legal proceedings for Medical Negligence," and that it is "clear that the alterations were made and provided to [appellant] 'to conceal the fact of the medical negligence.' " (Appellant's Brief at 13.) Such allegations, despite appellant's characterization as sounding in ordinary negligence, present a medical claim for which an affidavit of merit would be required. *See*, *e.g.*, *Rodgers v. Genesis Healthcare Sys.*, 5th Dist. No. CT2015-0030, 2016-Ohio-721, ¶ 27 (claim that health care provider concealed and altered medical records, and that medical records were not accurate, "are claims asserted in a civil action against a physician or hospital and arise from the medical diagnosis, care, or treatment of appellant," and such allegations "fall within the definition of 'medical claim' and thus an affidavit of merit is required pursuant to Civil Rule 10(D)(2) ").

{¶ 20} As noted, based on the allegations of the refiled complaint, it is undisputed the first complaint was filed March 25, 2019, and the Court of Claims entered a dismissal without prejudice on February 20, 2020, for failure to file an affidavit of merit. It is also undisputed appellant did not refile her complaint until July 12, 2021. Because the complaint was not filed by February 20, 2021, the Court of Claims did not err in dismissing the complaint as untimely, pursuant to Civ.R. 12(B)(6), and in accordance with the provisions of R.C. 2305.113(A) and 2305.19(A).

{¶ 21} In light of the above, we find unpersuasive appellant's further contention (raised under the third assignment of error) that the Court of Claims erred in dismissing her ordinary negligence claim without providing her notice or an opportunity to be heard. To the extent appellant's third assignment of error raises, in general, a procedural challenge, appellant cannot demonstrate error. As noted by OSUWMC, the certificate of service to the motion to dismiss indicates OSUWMC served appellant with its motion by regular mail on August 6, 2021. In response to the motion to dismiss, appellant filed a memorandum in opposition on August 16, 2021. As also noted by OSUWMC, L.C.C.R. 4(C) provides in part: "Unless otherwise ordered by the court, motions shall be determined without oral argument." Here, where appellant was provided the opportunity to respond to the motion, and the local rule specifically provides for non-oral hearings on motions, appellant has failed to show error.

{¶ 22} In light of the foregoing, and based on this court's de novo review, the Court of Claims did not err in dismissing the refiled complaint pursuant to Civ.R. 12(B)(6). Accordingly, appellant's first, second, and third assignments of error are not well-taken and are overruled.

{¶ 23} Having overruled appellant's three assignments of error, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.

_____