[Cite as *Frank v. Univ. of Cincinnati Med. Ctr.*, 2023-Ohio-1255.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JAHMIR CHRISTOPHER FRANK, | : | APPEAL NO. C-220242<br>TRIAL NO. A-2200396 |
| Plaintiff -Appellant, | : | |
| vs. | : | |
| | : | *O P I N I O N.* |
| UNIVERSITY OF CINCINNATI<br>MEDICAL CENTER, | : | |
| and | : | |
| | : | |
| UNIVERSITY OF CINCINNATI<br>MEDICAL CENTER, LLC,<br>GH & R BUSINESS SERVICES, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 19, 2023

*Percy Squire Co.*, *LLC*, and *Percy Squire*, for Plaintiff-Appellant,

*Frost Brown Todd* and *Nathaniel L. Truitt*, for Defendants-Appellees.

**Bock, Judge.**

**{¶1}** The trial court dismissed plaintiff-appellant Jahmir C. Frank's complaint against the University of Cincinnati Medical Center ("UCMC"), finding that Frank failed to state a claim upon which relief can be granted. Frank appealed. We affirm the trial court's judgment.

## I.     Facts and Procedure

**{¶2}** In March and June 2018, Frank, who was born at Good Samaritan Hospital, requested 1998 medical records from UCMC related to his mother's prenatal treatment from when she was pregnant with Frank. UCMC denied Frank's request, asserting that it could not provide the documents because the request was for dates of services that exceeded the hospital's ten-year retention period.

### Frank sued Good Samaritan Hospital for medical malpractice and negligence involving his mother's medical records

**{¶3}** Frank sought his mother's prenatal records from UCMC because he was preparing to file a medical-malpractice complaint against Good Samaritan Hospital ("Good Samaritan"). Frank submitted two more written requests before filing his complaint against Good Samaritan in the Hamilton County Common Pleas case numbered A-1604526. He alleged that Good Samaritan was negligent during his birth, causing him to suffer from periventricular leukomalacia. Frank also asserted spoliation of evidence after learning that his birth records had been lost or destroyed. The trial court dismissed the spoliation claim. Frank later voluntarily dismissed the remainder of the state court action.

**{¶4}** Frank refiled his case in the United States District Court for the Southern District of Ohio, asserting medical malpractice and negligence involving the failure to produce Frank's mother's medical records. *Frank v. Good Samaritan Hosp.*

*of Cincinnati*, S.D.Ohio No. 1:18-cv-00618, 2019 U.S. Dist. LEXIS 211327, 1 (Dec. 9, 2019). The court ultimately dismissed Frank's claims. The Sixth Circuit affirmed. *Frank v. Good Samaritan Hosp. of Cincinnati*, 6th Cir. No. 21-3795, 2023 U.S. App. LEXIS 6265 (Mar. 15, 2023).

{¶5}    After the trial court dismissed Frank's claims against Good Samaritan, for reasons that are not clear in the record, UCMC provided the medical records that Frank had requested.

Frank sued UCMC for its failure to produce his mother's prenatal records

{¶6}    In March 2022, Frank sued UCMC, alleging negligent failure to timely produce his mother's medical records and negligence per se for violating its duty to timely produce medical records under R.C. 3701.34. Frank's complaint alleged that, because his mother had received prenatal care at UCMC, he had a personal interest in his mother's prenatal records and the records were also his. Frank asserted that the federal court had dismissed his lawsuit against Good Samaritan because of UCMC's negligent failure to provide his mother's medical records.

{¶7}    UCMC moved to dismiss Frank's complaint, arguing that the Federal District Court for the Southern District of Ohio and the Hamilton County Court of Common Pleas had dismissed nearly identical negligence actions that Frank had filed against Good Samaritan regarding his birth records. UCMC further argued that a claim for negligent failure to "timely produce" medical records cannot succeed under Ohio law as Ohio does not recognize such a cause of action for damages.

{¶8}    The trial court dismissed Frank's complaint for failure to state a claim upon which relief can be granted. The court dismissed the negligence claim because

Ohio law did not recognize an action for negligent failure to produce medical records. And the court determined that R.C. 3701.74 does not create a negligence per se claim.

## II.     Law and Analysis

Frank's sole assignment of error argues that the trial court erred by granting UCMC's motion to dismiss. We review a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss de novo. *Plush v. City of Cincinnati*, 1st Dist. Hamilton No. C-200030, 2020-Ohio-6713, ¶ 12. When ruling on a motion to dismiss, the trial court is confined to the allegations in the complaint. *Id.* It must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *Id.* For a court to dismiss a complaint under Civ.R. 12(B)(6), "it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Id.*, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶9}    As an initial matter, UCMC asserts that Frank added facts or raised issues on appeal that were not a part of the record below. Specifically, Frank asserted in his brief that 1.) his mother authorized the release of her prenatal records; 2.) UCMC denied that the records existed for more than three years; and 3.) UCMC recognized its duty related to birth records, created a specific birth-record policy, and failed to follow it. Frank did not include any of those facts in his complaint. Because, like the trial court, we are constrained to consider only the allegations contained in the complaint, we do not consider any allegations in the brief that were not contained in the complaint. *See Plush* at ¶ 12.

A.     Ohio does not recognize a cause of action for negligent failure to produce medical records

**{¶10}** To prove negligence, a party must establish a duty, a breach of that duty, and an injury caused by that breach. *Cincinnati Bell Tel. Co. v. J.K. Meurer Corp.*, 2022-Ohio-540, 185 N.E.3d 632, ¶ 22 (1st Dist.). The existence of a legal duty is a question of law for the courts and reviewed de novo. *Id.* A legal duty "may be established by common law, by legislative enactment, or by the particular circumstances of a given case." *Id.* at ¶ 23, quoting *Shepherd v. City of Cincinnati*, 168 Ohio App.3d 444, 2006-Ohio-4286, 960 N.E.2d 808, ¶ 14 (1st Dist.).

**{¶11}** Frank argues that UCMC was negligent in failing to produce his mother's medical records. R.C. 3701.74(C) provides in part that if a health care provider "fails to furnish a medical record as required by division (B) of this section," a patient may bring an action to enforce the patient's right of access to the record. While the statute pertains to a patient's right to enforce access to medical records, it does not provide a cause of action for monetary relief. *Wiltz v. Ohio State Univ. Wexner Med. Ctr.*, 10th Dist. Franklin No. 21AP-553, 2022-Ohio-4533, ¶ 18. We find nothing in the statute or in case law to suggest that there is a cause of action for failure to provide medical records and we will not create such a cause of action.

**{¶12}** Frank also asserts that the American Medical Association's Code of Ethics ("A.M.A. Code of Ethics") and UCMC's own policies created a duty for UCMC to produce Frank's mother's medical records. Nothing in the A.M.A. Code of Ethics provides a mechanism for a person to request another patient's records. And Frank's complaint does not allege that UCMC violated its own policies or the A.M.A. Code of Ethics.

**{¶13}** Because Ohio does not recognize a cause of action for negligent failure to produce medical records, the trial court did not err by dismissing Frank's negligence claim.

B. <u>UCMC did not have a statutory duty to comply with R.C. 3701.74</u>

**{¶14}** Frank contends that UCMC was negligent per se by failing to meet its statutory duty to provide his mother's medical records under R.C. 3701.74.

**{¶15}** The negligence-per-se doctrine allows a plaintiff to establish a duty and a breach of that duty by showing that the defendant omitted a specific act required by statute. *Asher v. Glenway Real Estate, LLC*, 2019-Ohio-4851, 149 N.E.3d 1035, ¶ 25 (1st Dist.). "Negligence per se requires a legislative enactment that imposes a specific duty for the protection of others, and a person's failure to observe that duty." *Sallee v. Watts*, 1st Dist. Hamilton No. C-130122, 2014-Ohio-717, ¶ 9.

**{¶16}** R.C. 3701.74(B) provides that, upon the submission of a written request, a medical institution "shall" permit "a patient, a patient's personal representative, or an authorized person" to examine records or provide a copy of the records in a reasonable time unless the institution provides clearly stated reasons why disclosure should not be permitted. R.C. 3701.74(C) provides that the requesting party can bring a civil action to enforce the patient's right of access to the records. R.C. 3701.74(D) provides that R.C. 3701.74 does not supersede any governing confidentiality statutes.

**{¶17}** "Patient" refers to the individual who received patient care or a guardian, who is "appointed by a probate court pursuant to Chapter 2111 of the Revised Code to have the care and management of the person of an incompetent." R.C. 3701.74(A)(10); R.C. 1337.11(F). "Patient's personal representative" means a court-appointed guardian, a person with durable power of attorney for health care for a

patient, the executor or administrator of the patient's estate, or the person responsible for the patient's estate if it is not to be probated. R.C. 3701.74(A)(11).

{¶18} Frank requested his mother's prenatal records from UCMC, not his birth records. In fact, any records involving his birth would have been kept by Good Samaritan, not UCMC. And Frank did not allege or produce any document showing that his mother authorized the release of the records, or that Frank was his mother's personal representative or authorized person under R.C. 3701.74(A)(11).

{¶19} Frank did not fall into any of the R.C. 3701.74 categories of persons authorized to obtain a patient's medical records that are not his own. R.C. 3701.74 imposed no duty on UCMC to provide Frank's mother's medical records. Therefore, Frank's negligence-per-se claim fails.

{¶20} The trial court properly dismissed Frank's negligence-per-se claim.

### III.   Conclusion

{¶21} The trial court properly dismissed Frank's complaint. We overrule Frank's sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.