[Cite as *Wiltz v. Ohio State Univ. Wexner Med. Ctr.*, 2023-Ohio-2655.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| CASSANDRA WILTZ | Case No. 2021-00735JD |
| Plaintiff | Magistrate Scott Sheets |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| THE OHIO STATE UNIVERSITY WEXNER MEDICAL CENTER | |
| Defendant | |

{¶1} Plaintiff Cassandra Wiltz (plaintiff), who is self-represented, seeks recovery for Defendant OSU Wexner Medical Center's (defendant) alleged refusal to provide plaintiff with her medical records from 2017, which she further alleges caused the dismissal of her previous civil case(s) against defendant. In addition, she seeks recovery for defendant's alleged refusal to provide her with medical care and its alleged alteration of her medical records. As a consequence of defendant's alleged actions, plaintiff also asserts that other third-party medical providers refused to provide her with care. Trial took place on June 5-6, 2023. In addition to plaintiff, Dr. Lawand Saadulla, Dr. Na Li, George Xanthopoulos, and Ashly O'Neil, who are both employees of defendant, also testified. Exhibits admitted into evidence consisted of documents and a recording of a phone message from plaintiff's home phone answering machine. For the following reasons, the magistrate hereby recommends judgment for defendant.[1]

**Findings of Fact**

{¶2} Initially, the magistrate finds that plaintiff's entire testimony lacked credibility for several reasons including his first-hand observation of plaintiff while testifying. In

---

[1] At the close of plaintiff's presentation of evidence, defendant moved for dismissal pursuant to Civ.R. 41(B)(2). In accordance with the rule, the magistrate declines to render judgment on defendant's motion and instead renders judgment based on all of the evidence presented.

addition, plaintiff's version of the facts, the substance of her testimony, is simply hard to believe. By plaintiff's account, Dr. Na Li met with plaintiff on an unspecified date in late December of 2019, refused to treat plaintiff, and instead informed plaintiff that she, Dr. Li, would not treat plaintiff because of plaintiff's civil case(s) and other complaints against defendant and/or its employees. Plaintiff also claimed that Dr. Li never provided her with medical care, that Dr. Li lied to the court about a December 18, 2019 medical visit at Dr. Li's office, and that someone fabricated Exhibit B, a copy of plaintiff's medical records from plaintiff's December 18, 2019 medical visit with Dr. Li that contains great detail regarding the visit as well as plaintiff's personal medical history. Plaintiff offered no evidence to corroborate her version of her encounter with Dr. Li, which conflicts with the other evidence presented at trial including Dr. Li's testimony of a routine medical encounter with plaintiff.

{¶3} Plaintiff's testimony also included a great amount of hearsay. In some cases, plaintiff testified to double-hearsay, i.e. that someone from a physician's office told her what someone from defendant had said to them. In some of these instances, plaintiff did not identify the alleged speaker of these statements.

{¶4} In addition, on cross-examination, plaintiff was extremely evasive. For example, when asked about her purported answers to interrogatories in this case, plaintiff would not answer simple questions about these responses clearly and directly. Even when asked to confirm what appears to be her notarized signature on the responses, plaintiff simply would not provide a clear, direct answer.

{¶5} Finally, plaintiff's testimony both lacked corroborating evidence and, in several important instances, was contradicted by other evidence including evidence that plaintiff presented. For example, plaintiff testified that Dr. Saadulla referred her to defendant in June of 2019 and again in October of 2019 while Dr. Saadulla testified that his records only indicate one referral to defendant in October of 2019.

{¶6} With the foregoing in mind, the magistrate makes the following additional factual findings. As part of discovery in a previous case before this court, Case No. 2019-00404JD, defendant provided plaintiff with her OSU medical records from January 19, 2010 to April 11, 2019. As part of this production, defendant provided plaintiff with her 2017 medical file. Both Mr. Xanthopoulous and Ms. O'Neal, records custodians for

defendant, testified they do not alter or amend records when responding to requests. In addition, Exhibit 31 is a certification that states that defendant provided plaintiff with copies of her "original medical records maintained by the Medical Information Management Department at the Ohio State University Wexner Medical Center * * * for date(s) of service: 01/19/2010 to 04/11/2019." This certification contains Ms. O' Neal's notarized signature, dated April 15, 2019. Also, in Exhibit D, the court's decision dismissing Case No. 2019-00404JD, the court noted plaintiff's contention that she had not been provided with her complete medical file before it found:

> Defendants' counsel has repeatedly informed the court that he has provided plaintiff with the requested medical records. In fact, defendants' counsel swore in an affidavit that he provided the records, and he also included a proof of delivery signed by plaintiff. (December 23, 2019 Affidavit of Brian M. Kneafsey, Jr.) The court, therefore, finds that defendants have proven that the medical records plaintiff requested have been provided to her.
>
> (Exhibit D - Decision in Case No. 2019-00404JD p. 3.)

The court dismissed Case No. 2019-00404JD without prejudice. *Id.* Though plaintiff testified that she never received her 2017 medical file, the other evidence presented at trial greatly outweighed plaintiff's testimony. Further, as noted, the magistrate did not find plaintiff credible.

{¶7} Defendant did not alter any of plaintiff's medical records. Though plaintiff testified that her records from 2010-2016 had been altered resulting in the denial of medical treatment, the magistrate did not find her testimony credible. Plaintiff presented no objective evidence in support of this assertion. Even plaintiff's testimony failed to provide any specifics regarding which records were altered, how they were altered, when they were altered, who altered them, or any other specific facts.

{¶8} Due to several health issues, plaintiff saw Dr. Lawand Saadulla, who is not an employee of defendant, in May of 2019. Dr. Saadulla is a kidney specialist. After ruling out kidney issues, Dr. Saadulla referred plaintiff to Dr. Li, a hepatologist or doctor specializing in the liver. Dr. Saadulla made the referral due to plaintiff's elevated bilirubin level, which can be a possible indicator of liver problems. Dr. Li, Dr. Saadulla, and plaintiff testified to the above.

{¶9} Though Dr. Saadulla saw plaintiff in May of 2019, he did not refer her to Dr. Li until October of 2019. Though he referred plaintiff to OhioHealth gastroenterology in June of 2019, the October 2019 referral was the only referral to defendant. Dr. Saadulla looked up Dr. Li online because there were no hepatologist in Delaware County. Dr. Saadulla testified to his treatment and interactions with plaintiff as well as the referrals, copies of which were admitted into evidence as Exhibits 23, 25, and 26. He also testified plaintiff's October 19, 2019 letter to him, Exhibit 24, prompted the referral to defendant. The magistrate found Dr. Saadulla's testimony credible.

{¶10} After Dr. Saadulla's October 23, 2019 referral, Dr. Na Li saw plaintiff on December 18, 2019. At the time that she saw plaintiff on December 18, 2019, Dr. Li did not know about plaintiff's lawsuit against defendant. Exhibit B reflects plaintiff's December 18, 2019 medical visit with Dr. Li. It is approximately 40 pages and contains substantial indicia of reliability including details about the visit such as Dr. Li's progress notes, plan and assessment as well as notes on plaintiff's medical history, medications and vital statistics. Though Dr. Li could not recall her specific visit with plaintiff, she testified that she would only create Exhibit B after seeing plaintiff as a patient. In addition, she offered detailed testimony regarding various components of Exhibit B and how they reflected what she would have discussed and covered with plaintiff during the December 18, 2019 visit. Dr. Li testified to the above and the magistrate found her credible. Dr. Li unequivocally denied that she refused to treat plaintiff. She was not evasive in any way, provided direct answers, and her testimony was consistent with both Exhibit B and the facts relative to Dr. Saadulla's referral. In addition, the substance of Dr. Li's testimony is, quite simply, inherently more believable than the substance of plaintiff's testimony. Her testimony reflected a routine encounter with plaintiff after a referral by Dr. Saadulla. This was Dr. Li's only medical visit with plaintiff.

{¶11} The magistrate finds that the encounter plaintiff described wherein Dr. Li refused to treat plaintiff because of plaintiff's civil case(s) or other complaints did not happen. Plaintiff's evidence regarding her encounter with Dr. Li consisted entirely of her own testimony as to hearsay statements she claimed Dr. Li made to her during a December 2019 encounter at Dr. Li's office. According to plaintiff, Dr. Li set up an appointment for her near the end of December of 2019. After plaintiff completed a

questionnaire at Dr. Li's office, Dr. Li met with plaintiff and informed plaintiff that there was nothing wrong with her, that Dr. Li would not be treating her, that Dr. Li knew that plaintiff likes to make complaints, and that Dr. Li would not see her because of these complaints. Plaintiff further asserted that she believed that Dr. Li was referring to plaintiff's 2019 lawsuit against defendant and/or other informal complaints plaintiff had made against defendant, none of which involved Dr. Li. Finally, plaintiff testified that Dr. Li called her in the last few days of December of 2019 to tell plaintiff that no one from defendant would treat plaintiff. As noted, the magistrate did not find plaintiff's testimony credible. The other evidence in the case, including Dr. Li and Dr. Saddulla's testimony and the records admitted into evidence, also greatly outweighed plaintiff's testimony regarding her referral to and encounter with Dr. Li.

{¶12} Neither defendant nor any of its employees denied plaintiff medical care. Likewise, neither defendant nor any of its employees caused other medical providers to deny plaintiff medical care. Though the facts relative to Dr. Li have already been discussed, plaintiff also made several other allegations against physicians, both those employed by defendant and others, that the magistrate did not find credible. Apart from her own testimony, filled with hearsay, plaintiff offered no evidence that any medical provider denied her care. For instance, plaintiff testified that a person named Courtney Francis, from Grady Memorial Hospital, referred plaintiff to defendant for a medical test in January or February of 2020. Plaintiff further testified that Ms. Francis told plaintiff that defendant would not schedule plaintiff for the test, that it would not accept the referral and that plaintiff should try to schedule the test herself by contacting defendant. Ms. Francis did not testify at trial. Plaintiff's testimony on this alleged incident is based entirely on hearsay and, thus, not credible. Further, though plaintiff offered Exhibit 30, a purported phone message from Ms. Francis, in support of her testimony, this message mentions nothing about defendant refusing services to plaintiff. In it, the speaker indicates she is following up with plaintiff regarding the test's scheduling and provides a phone number that can be used to schedule the test with defendant.

{¶13} Likewise, plaintiff provided similar testimony regarding a thrush diagnosis. Again, plaintiff offered her testimony alone; no medical providers or any other witnesses testified. In general, plaintiff testified to being diagnosed with thrush and being referred

to defendant to see an oral pathologist in February of 2021. Plaintiff testified that defendant would not call her back. Plaintiff also testified that the referring physician, who was not defendant's employee, removed documentation from her medical file related to the referral and circulated a letter indicating that defendant had previously evaluated plaintiff and found nothing wrong with her. Plaintiff further claimed that a gastroenterologist cited medical records from defendant as a basis for cancelling an endoscopy and would not treat her and that an oral pathologist in Westerville, Ohio told her they would not treat her because of defendant and/or what was in plaintiff's medical records. Plaintiff's testimony was completely uncorroborated and not credible.

**Conclusions of Law**

{¶14} To meet her burden at trial, plaintiff needed to prove her claims by a preponderance of the evidence. As stated in *Brothers v. Morrone-O'Keefe Dev. Co., LLC,* 10th Dist. No. 06AP-713, 2007 Ohio 1942, 2007 Ohio App. Lexis 1762, ¶ 49: "[a] preponderance of the evidence is 'the greater weight of the evidence * * * [it] means evidence that is more probable, more persuasive, or of greater probative value.'"

{¶15} The magistrate can take judicial notice of the court's decisions in plaintiff's previous cases which, in addition to being maintained by the clerk, are publicly accessible via the Court's online case information system as well as. Evid. R. 201; *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶¶ 12; 33, *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10; *Woods Cove III, LLC v. Straight,* 10th Dist. No. 17AP-340, 2018-Ohio-2906, ¶ 22-23.

{¶16} Ohio does not recognize a claim for the negligent failure to produce medical records. *Frank v. Univ. of Cin. Med. Ctr.,* 1st Dist. Hamilton No. C-220242, 2023 Ohio 1255, ¶ 13.

{¶17} On the trial of a civil case, the weight to be accorded to the evidence and the credibility of the witnesses is primarily for the trier of the fact to determine. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The magistrate is the trier-of-fact in this case and must give appropriate weight to the evidence

presented. The magistrate is free to believe all, part, or none of the testimony of any witness. *See State v. Green,* 1Oth Dist. Franklin No. 03AP-813, 2004-0hio-3697, ¶ 24.

**DECISION AND RECOMMENDATION**

{¶18} The magistrate finds that plaintiff failed to prove the facts underlying her claims by a preponderance of the evidence. The magistrate finds that plaintiff's testimony as a whole was not credible for the various reasons previously set forth. The magistrate finds that Dr. Li, Dr. Saadulla, Mr. Xanthopoulous and Ms. O'Neal were all credible. Consequently, plaintiff failed to prove that defendant did not provide her with her 2017 medical record, failed to prove that defendant altered her medical records, failed to prove that Dr. Li or anyone else on defendant's behalf denied her medical care, and failed to prove that defendant's actions resulted in other providers denying her medical care. In fact, the evidence established that defendant provided plaintiff with her 2017 medical file as part of discovery in a previous case and that Dr. Li saw plaintiff on December 18, 2019 after Dr. Saadulla's referral in October of 2019.

{¶19} For the reasons stated above, the magistrate recommends judgment in defendant's favor.

{¶20} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

SCOTT SHEETS
Magistrate

**Filed June 27, 2023**
**Sent to S.C. Reporter 7/31/23**