[Cite as *Jordan v. Cincinnati*, 2024-Ohio-1044.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| TERRELL D. JORDAN, | : | APPEAL NO. C-230430 |
| | | TRIAL NO. A-2302985 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| CITY OF CINCINNATI, | : | |
| | | |
| Defendant-Appellee. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 22, 2024


*Terrell D. Jordan,* pro se,

*Emily Smart Woerner*, City Solicitor, *Katherine C. Baron*, Assistant City Solicitor, and *Kevin T. Tidd*, Senior Assistant City Solicitor, for Defendant-Appellee.

**BOCK, Presiding Judge.**

{¶1}     Plaintiff-appellant Terrell D. Jordan appeals the trial court's judgment dismissing Jordan's complaint against defendant-appellee the city of Cincinnati ("the City") and denying Jordan's default-judgment motion. He asserts that the trial court erroneously dismissed his complaint without holding oral argument or allowing him to present evidence. Because Civ.R. 12(B)(6) motions require a trial court to consider only the allegations contained in the complaint, Jordan was not entitled to present evidence in opposition to the motion to dismiss. Moreover, the City timely defended against Jordan's claims, precluding a default judgment. Therefore, we overrule Jordan's assignments of error and affirm the trial court's judgment.

## I.     Facts and Procedure

{¶2}     Jordan sued the City, asserting that the City was criminally negligent for failing to address Jordan's harassment complaints against citizens and Jordan's complaints against Hamilton County judges and magistrates.

{¶3}     The City timely moved to dismiss the complaint under Civ.R. 12(B)(6), arguing that the complaint failed to state a claim upon which relief could be granted. Jordan then filed a default-judgment motion.

{¶4}     The trial court granted the City's motion, dismissed Jordan's complaint, and denied Jordan's motion for a default judgment. This appeal followed.

## II.     Law and Analysis

### A.     *The trial court did not err in dismissing the complaint*

{¶5}     Jordan argues that he is unable to raise assignments of error because the trial court dismissed the case "before true litigation" began. We construe Jordan's first assignment of error as asserting that the trial court erred in granting the City's

2

motion to dismiss because the trial court did not hold oral arguments and did not allow Jordan to present evidence in opposition to the City's motion to dismiss.

{¶6}    We review a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss de novo. *Frank v. Univ. of Cincinnati Med. Ctr.*, 2023-Ohio-1255, 218 N.E.3d 171, ¶ 8 (1st Dist.), citing *Plush v. City of Cincinnati*, 2020-Ohio-6713, 164 N.E.3d 1056, ¶ 12 (1st Dist.). Civ.R. 8 requires that a complaint "contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. (8)(A). When ruling on a motion to dismiss, the trial court is confined to the allegations in the complaint. *Frank* at ¶ 8. It must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *Id.* For a court to dismiss a complaint under Civ.R. 12(B)(6), " 'it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *Id.*, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶7}    The trial court did not err in dismissing Jordan's complaint without allowing Jordan to present evidence outside of the allegations contained in his complaint because a motion to dismiss is confined solely to the allegations in the complaint. Therefore, the trial court could not have considered evidence in ruling on the City's motion to dismiss. Moreover, Jordan was not entitled to oral argument on his motion because he never made a written request for oral argument. Loc.R. 14(C) of the Court of Common Pleas of Hamilton County provides that no motion will be set for oral argument in a civil case unless a party makes a written request for oral argument or the trial court otherwise directs the assignment commissioner to set the

3

case for oral argument. Absent a written request for oral argument, the decision to hold oral argument was solely in the trial court's discretion.

{¶8} Jordan also argues that the trial judge violated Jud.Cond.R. 2.6 by dismissing his complaint without argument. But a direct appeal is not the proper avenue to allege a violation of the Ohio Code of Judicial Conduct. *See Crenshaw v. Howard*, 2022-Ohio-3914, 200 N.E.3d 335, ¶ 42 (8th Dist.), quoting *State v. Murrill*, 12th Dist. Butler No. CA2020-08-081, 2021-Ohio-1449, ¶ 10; *see also State v. Stumph*, 1st Dist. Hamilton No. C-190318, 2021-Ohio-723, ¶ 25 ("The typical avenue for redress when a party believes that a trial court is biased is to file an affidavit of bias and prejudice with the Supreme Court of Ohio."). We therefore decline to consider this argument.

{¶9} Finally, although Jordan's appellate brief did not address the merits of the trial court's judgment dismissing his claim, we hold that the trial court properly dismissed the complaint because it contained no set of facts entitling him to recovery. We overrule Jordan's first assignment of error.

### B.    *The trial court correctly denied the default-judgment motion*

{¶10} We construe Jordan's second assignment of error to argue that the trial court erroneously denied his motion for a default judgment. We review a trial court's decision to grant or deny a default judgment for an abuse of discretion. *Mueller v. Hammann*, 1st Dist. Hamilton Nos. C-120799 and C-130231, 2013-Ohio-5098, ¶ 7. "An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 29, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶11}** A trial court may grant a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Civ.R. 55(A). "Under the plain language of Civ.R. 55, a default judgment is appropriate only where a party has failed to plead or otherwise defend." *Watts v. Fledderman*, 1st Dist. Hamilton No. C-170255, 2018-Ohio-2732, ¶ 37. When a party files a Civ.R. 12 motion to dismiss in lieu of answering the complaint, that motion constitutes defending the action and precludes a default judgment. *Moore v. Mason*, 8th Dist. Cuyahoga No. 84821, 2005-Ohio-1188, ¶ 7.

**{¶12}** The City's timely filing its motion to dismiss precluded a default judgment. We overrule Jordan's second assignment of error.

### III.    Conclusion

**{¶13}** For the foregoing reasons, we overrule Jordan's assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.