[Cite as *Evans v. Cincinnati*, 2013-Ohio-2063.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DEBORAH EVANS, | : | APPEAL NO. C-120726 |
| and | : | TRIAL NO. A-1109253 |
| TERRY EVANS, | : | *O P I N I O N.* |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| CITY OF CINCINNATI, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| JOHN DOE, | : | |
| and | : | |
| ANTHEM, | : | |
| Defendants. | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 22, 2013

*Law Offices of Blake Maislin, LLC*, and *T. Tod Mollaun*, for Plaintiffs-Appellees,

*John P. Curp*, City Solicitor, and *Joseph C. Neff*, Assistant City Solicitor, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DeWINE, Judge.**

{¶1}   This is an appeal from a summary judgment in which the trial court concluded that sovereign immunity did not apply to bar a claim against the city of Cincinnati for an injury that occurred when plaintiff-appellee Deborah Evans tripped on a broken-off signpost located on a city sidewalk.   By statute, the maintenance, repair and regulation of a sidewalk is a "governmental function" for which immunity is conferred upon the city; the question presented by this case, however, is whether this immunity extends to a broken signpost within a sidewalk.  We conclude upon the facts before us that it does, and, therefore, reverse the trial court's denial of summary judgment.

I.

{¶2}   Ms. Evans tripped and fell while walking to a tailgate party before a Cincinnati Bengals' Monday Night Football game.  She broke both of her elbows in the fall.  She blames the injury on her pants leg having gotten caught on a part of a broken metal pole that was jutting out of the sidewalk.

{¶3}   Ms. Evans and her husband filed a lawsuit against the city.  In her complaint, Ms. Evans alleged that the city was negligent in failing to maintain its premises in a safe condition and in failing to warn her about the defects in or dangerous condition of the sidewalk.  The city filed a motion for summary judgment, arguing that it was immune under R.C. Chapter 2744.  The trial court denied the summary judgment motion, noting only that it found there existed a genuine issue of material fact.  The city now appeals.

{¶4}     In its sole assignment of error, the city asserts that the trial court erred when it failed to conclude that the city was entitled to immunity as a matter of law.

II.

{¶5}     The starting point for our discussion is R.C. Chapter 2744, which establishes a three-tiered analysis for determining whether the city is entitled to immunity.   R.C. 2744.02(A)(1) confers immunity upon political subdivisions for "injury * * * allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function" unless one of the exceptions listed in R.C. 2744.02(B) applies. If one of those exceptions applies, the city may assert one of the defenses listed in R.C. 2744.03(A).

{¶6}     The city argues that no exception removes the immunity conferred in R.C. 2744.02(A)(1).   The Evanses counter that R.C. 2744.02(B)(2) presents an applicable exception because it provides that political subdivisions are liable for injuries caused by the negligent performance of "proprietary functions" by their employees.

{¶7}     R.C. 2744.01(C)(2) provides a nonexhaustive list of functions that are governmental.   Included on the list is "[t]he regulation of the use of, and the maintenance and repair of, roads, highways, streets, * * * [and] sidewalks[.]"  R.C. 2744.01(C)(2)(e).

{¶8}     To be considered "proprietary," a function must be one not described or listed in R.C. 2744.01(C) as governmental, and must both (1) "promote[] or preserve[] the public peace, health, safety, or welfare[,] and (2) "involve[] activities that are customarily engaged in by nongovernmental persons."  R.C. 2744.01(G)(1).

3

R.C. 2744.01(G)(2) provides a nonexhaustive list of proprietary functions including the operation of a hospital, cemetery, public utility, railroad, busline, sewer system, public auditorium and parking facility.

{¶9} Here, the city asserts that it is entitled to immunity because the gist of the Evanses' complaint is that the city was negligent in the maintenance of sidewalks, which is delineated as a governmental function. The city analogizes this case to *Burns v. Upper Arlington,* 10th Dist. No. 06AP-680, 2007-Ohio-797, which involved an injury caused when the plaintiff tripped over a manhole cover located on a sidewalk. There, the court concluded that the city of Upper Arlington was entitled to immunity because the manhole was part of the sidewalk and "the conduct about which [plaintiff] complain[ed] was the maintenance of a sidewalk, * * * not the maintenance of a sewer." *Id.* at ¶ 15.

{¶10} In contrast, the Evanses rely heavily on our conclusion in *Avila v. Cincinnati*, 182 Ohio App.3d 642, 2009-Ohio-2734, 914 N.E.2d 439 (1st Dist.), that the city was not entitled to immunity for claims involving a car accident that occurred due to the formation of ice on a road arising from a broken water line. In reaching our decision, we relied on the fact that the plaintiffs' allegations "did not concern the city's regulation, use, or repair of roadways [a governmental function], but instead implicated the city's maintenance of water lines [a proprietary function]." *Id.* at ¶ 12.

{¶11} The Evanses argue that this case is not about the maintenance of the sidewalk, but about the maintenance of the signpost, which they assert would fall within the definition of proprietary functions. According to the Evanses, sign maintenance is a proprietary function because public signs are placed for the safety

4

of others and because signs "on streets, buildings, and billboards" are customarily maintained by private persons.

{¶12}    The problem with this argument, however, is that the statute in question explicitly provides that to be proprietary, an activity must not be listed as governmental.   R.C. 2744.01(G)(1)(a).   Sidewalk maintenance and regulation is specifically listed as governmental.   R.C. 2744.01(C)(1)(e).   Here, the Evanses' complaint is that the city failed in its duty to keep the sidewalk clear of a dangerous obstruction.   As in *Burns*, the conduct about which the Evanses complain—the failure to keep the sidewalk free of obstructions like jagged signposts or manhole covers—falls within the ambit of the city's responsibilities in connection with sidewalks.

{¶13}    Even accepting the Evanses' argument that private entities may sometimes erect public signs—and there is no indication that this is what occurred in the present case—the immunity in R.C. 2744.01(C)(2)(e) extends not only to sidewalk "maintenance and repair" but also to the "regulation of the use" of a sidewalk.[1]   Here the Evanses' grievance is either that  the  city was negligent in the "maintenance and repair" of the sidewalk by failing to keep it free from the jagged, cut-off signpost, or that it was negligent in the "regulation of the use" of the sidewalk by allowing the existence of the dangerous signpost.   In either case, what is at issue is a "governmental function," and the city is entitled to immunity.

---

[1] It is worth noting that the city maintains extensive regulations concerning the use of sidewalks, including the placement of signs and other obstructions on sidewalks.  *See generally* Cincinnati Municipal Code Chapters 721, 722, and 723.

III.

{¶14}   We sustain the sole assignment of error, reverse the judgment of the trial court, and remand the cause for entry of judgment for the city.

Judgment reversed and cause remanded.

**DINKELACKER, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.