[Cite as *Sallee v. Watts*, 2014-Ohio-717.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| AMBER SALLEE, a minor, by her parent and next friend, Pamela Petti, | : | APPEAL NO. C-130122 TRIAL NO. A-1201528 |
| | : | |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
| | : | |
| and | : | |
| PAMELA PETTI, | : | |
| Plaintiff, | : | |
| vs. | : | |
| STEPHANIE WATTS, | : | |
| LISA KRIMMER, | : | |
| and | : | |
| ALLSTATE INSURANCE COMPANY, | : | |
| Defendants, | : | |
| and | : | |
| THREE RIVERS LOCAL SCHOOL DISTRICT, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 28, 2014

*O'Connor, Acciani & Levy LPA* and *Dennis C. Mahoney,* for Plaintiff-Appellant*,*

*David J. Balzano*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}   In one assignment of error, plaintiff-appellant Amber Sallee, a minor, appeals the decision of the trial court that defendant-appellee Three Rivers Local School District was entitled to immunity in this personal-injury case. Because the trial court erred in determining that this case did not involve the negligent operation of a motor vehicle, we reverse the judgment of the trial court.

{¶2}   Sallee was in the first grade, attending classes in the Three Rivers Local School District ("Three Rivers") when the accident at issue occurred. At the end of the school day, defendant Lisa Krimmer, the driver of the bus that Sallee regularly rode home, dropped Sallee off at her designated stop. Instead of crossing the street to her residence, Sallee lingered at the stop with another student. Sallee and the other student then ran down the street. Krimmer attempted to get Sallee's attention by honking the horn, but was unsuccessful. Unable to get Sallee to proceed home, Krimmer called in to inform school officials that Sallee had left with the other student. Krimmer then continued with her route. When the bus was a few blocks away, Sallee attempted to cross the street and was struck by a car driven by defendant Stephanie Watts.

{¶3}   Through her mother, plaintiff Pamela Petti, Sallee filed suit seeking damages for personal injuries she sustained as a result of the accident. Petti also asserted a loss-of-consortium claim. Three Rivers filed a motion for summary judgment, claiming that it was entitled to immunity for the claims made by Sallee and Petti. The trial court granted Three Rivers's motion.

**Movement of School Bus as
Operation of a Motor Vehicle**

{¶4}   R.C. 2744.02(A)(1) confers immunity upon political subdivisions for "injury * * * allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function" unless one of the exceptions listed in R.C. 2744.02(B) applies. *Evans v. Cincinnati*, 1st Dist. Hamilton No. C-120726, 2013-Ohio-2063, ¶ 5. Neither party in this case contests that Three Rivers was engaged in a governmental function while providing transportation for its students to and from school. *See Vargas v. Columbus Pub. Schools*, 10th Dist. Franklin No. 05AP-658, 2006-Ohio-7108, ¶ 16, citing *Doe v. Dayton City School Dist. Bd. of Edn.* 137 Ohio App.3d 166, 170, 738 N.E.2d 390 (2d Dist.1999). Therefore, the question is whether there is some exception among those listed in R.C. 2744.02(B) that applies.

{¶5}   There are several exceptions to sovereign immunity listed in R.C. 2744.02(B). The one at issue in this case, R.C. 2744.02(B)(1), states that:

> political subdivisions are liable for injury * * * caused by the negligent
>
> operation of any motor vehicle by their employees when the employees
>
> are engaged within the scope of their employment and authority.

{¶6}   In its analysis of the issue, the trial court relied on two decisions that appeared to settle the matter, *Glover v. Dayton Pub. Schools*, 2d Dist. Montgomery No. 17601, 1999 Ohio App. LEXIS 3706 (Aug. 13, 1999), and *Day v. Middletown-Monroe City School Dist.,* 12th Dist. Butler No. CA99-11-186, 2000 Ohio App. LEXIS 1868 (May 1, 2000). In those cases, the Second and Twelfth Appellate Districts determined that claims against school districts involving students who had exited from buses did not involve the operation of a motor vehicle where the bus was no longer present at the time the child was injured. As the Twelfth Appellate District

concluded, "Without [alleging that the bus was present when the injury occurred], there can be no legal basis for asserting that [the child's] injuries resulted from the 'operation of any motor vehicle.' " *Day* at *10. Applying these cases, the trial court concluded that the issue was the driver's "conduct in not supervising the child by insuring that she crossed the street before the bus proceeded to his next stop," because the injury was not "related to [the driver's] actual driving of the motor vehicle."

{¶7} The problem with the trial court's analysis is that it fails to consider the Ohio Supreme Court's more recent decision that defined the "operation of any motor vehicle" in the context of R.C. 2744.02(B)(1). In 2009, the court determined that the negligent operation of a school bus pertains "to negligence in driving or otherwise causing the vehicle to be moved." *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 26. Sallee argues that Krimmer "operated a motor vehicle" when she drove away from Sallee's bus stop. She further argues that this operation was negligent per se because it constituted a violation of R.C. 4511.75(E). R.C. 4511.75(E) provides that "[n]o school bus driver shall start the driver's bus until after any child * * * who may have alighted therefrom has reached a place of safety on the child's * * * residence side of the road."

{¶8} There is no dispute that Krimmer drove away from Sallee's bus stop before Sallee had safely crossed to her residence side of the street. Therefore, it is clear from the record that Krimmer violated R.C. 4511.75(E). But the question remains whether Krimmer's violation of the statute constituted negligence per se.

{¶9} Negligence per se requires a legislative enactment that imposes a specific duty for the protection of others, and a person's failure to observe that duty.

4

*Robinson v. Bates*, 160 Ohio App.3d 668, 2005-Ohio-1879, 828 N.E.2d 657, ¶ 5 (1st Dist.), citing *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565, 697 N.E.2d 198 (1998). But the statute must leave no room for a range of conduct that meets its purpose. The only fact for the jury to determine must be the commission or omission of the specific act. *Chambers* at 565. Where "a positive and definite standard of care has been established by legislative enactment whereby a jury may determine whether there has been a violation thereof by finding a single issue of fact, a violation is negligence per se." *Id.,* quoting *Eisenhuth v. Moneyhon*, 161 Ohio St. 367, 374-375, 119 N.E.2d 440 (1954).

{¶10} The violation of R.C. 4511.75(E) is negligence per se. The statute sets forth a specific requirement that a school bus driver shall not start his or her bus until the child "has reached a place of safety on the child's * * * residence side of the street." It leaves no room for considering what a reasonable person would do under a given set of circumstances. The analysis is simple and binary—either the child had crossed to her residence side of the street before the driver started the bus or she had not. Since Krimmer drove away before Sallee crossed to her residence side of the street, she was negligent per se in the operation of a motor vehicle.

{¶11} While the trial court addressed the application of R.C. 4511.75(E) to this case, it did so in the context of a different exception to immunity. This exception, contained in R.C. 2744.02(B)(5), provides for liability if a statute expressly imposes it. The trial court reasoned that since R.C. 4511.75(E) did not expressly impose liability, it did not meet the requirements of R.C. 2744.05(B)(5). But the trial court did not analyze whether a violation of R.C. 4511.75(E) constituted the negligent operation of a motor vehicle under R.C. 2744.02(B)(1). Since the trial

court improperly determined that this case did not involve the negligent operation of a motor vehicle, it erred.

### Poorly Drafted Legislation Leaves
### Responsible Bus Drivers at Risk

{¶12}   We are mindful that this is a delicate area.  This court recognizes that the General Assembly has enacted R.C. 4511.75(E) to protect children as they cross the street to go home from school.  At the same time, however, it is hard to imagine what more Krimmer could have done in this situation.  Sallee left the bus stop with another child and proceeded down the street.  Sallee's stop was the first stop on Krimmer's route, and she had other children to take home.  Krimmer honked at Sallee and tried to get her to cross the street to her home.  Krimmer notified school officials that Sallee had not crossed as she was supposed to.  Under R.C. 4511.75(E), however, Krimmer could proceed no further.  She had to remain in that spot.  If a child runs down the street, or proceeds into a friend's home, or otherwise fails to cross the street while at the same time moving outside the area of control of the bus driver, the statute leaves no recourse for the driver.  So a responsible driver in this situation is placed in a dilemma: either remain parked indefinitely with all the other children on the bus, or proceed to take the other children home and violate the statute.

{¶13}   As illogical as that result may be, it is not within the authority of this court to continence any other.  The legislature has enacted a statute that is plain.  This court can only apply it as the General Assembly has written it.  As this case demonstrates, the statute—however well-meaning—does not allow for situations such as the one presented in this case; and it is difficult to imagine that such situations are exceedingly rare.  We encourage the legislature to reconsider this

provision and to revise it to allow a bus driver to do something that would protect the child who alights from the bus, the children who remain on the bus, and the driver whose only goal is to protect and serve them all.

**Conclusion**

{¶14}   Krimmer's driving away from the bus stop before Sallee had safely crossed to her residence side of the street constituted the negligent operation of a motor vehicle, and the trial court erred in holding otherwise.

{¶15}   It is important to note, however, that this does not complete the analysis.   The trial court could still conclude that the exception denoted in R.C. 2744.02(B)(1) does not apply if it determines that Krimmer's conduct did not cause Sallee's injuries.   *See Dayton City School Dist. Bd. of Edn.* 137 Ohio App.2d at 171-172, 738 N.E.2d 390 (exception to immunity requires proof that the injury is a direct consequence of the employee's negligent operation of the motor vehicle).   But, since the trial court did not engage in that analysis in the first instance, we must remand this cause for that determination.

{¶16}   We sustain Sallee's sole assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.**, and **FISCHER, J.**, concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.