[Cite as *Price v. Verizon Cellular Sales*, 2023-Ohio-4621.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PATRICIA PRICE, | : | APPEAL NO. C-230080 |
| and | : | TRIAL NO. A-1900070 |
| TYRONE H. PRICE, SR., | : | |
| Plaintiffs-Appellants, | : | *O P I N I O N.* |
| vs. | : | |
| VERIZON CELLULAR SALES, | : | |
| HICKS MANOR INCORPORATED, | : | |
| and | : | |
| CELLULAR SALES OF KNOXVILLE, INC., | : | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 20, 2023

*William D. Bell, Sr.,* for Plaintiffs-Appellants,

*Markesbery & Richardson Co., L.P.A., Christopher N. Neus* and *Barry A. Rudell, II,* for Defendants-Appellees.

**BOCK, Judge.**

**{¶1}** On a rainy day in June 2015, plaintiff-appellant Patricia Price parked her car and walked toward the entrance of a Verizon store ("the Store"). After noticing that a curb leading to the front door was wet from the rain, Patricia stepped up, slipped, and fell, sustaining injuries.

**{¶2}** Patricia and her husband, plaintiff-appellant Tyrone Price, sued defendants-appellees Verizon Cellular Sales, Hicks Manor, Inc., (the owner of the premises) and Cellular Sales of Knoxville, Inc., (collectively, "Verizon") for negligence and loss of consortium. The trial court granted summary judgment in favor of Verizon, concluding that the Prices failed to provide evidence of a hazardous condition.[1] We agree and affirm the trial court's judgment.

### Facts and Procedure

**{¶3}** The Prices' complaint alleged that Verizon was "negligent [by failing] to maintain the steps and walkway in a safe habitable condition for business invitees, patrons and the general public." Patricia testified in her deposition that it was raining as she approached the Store. Nothing obstructed her view and there were no distractions when she stepped from the parking lot to "this very high curb." She could see that the curb was wet before she stepped onto it. Her foot slipped off the curb and she fell. The Prices alleged that the serious and permanent bodily injuries from which Patricia suffered were proximately caused by her fall.

---

[1] The trial court's judgment did not mention Tyrone's loss-of-consortium claim. But a loss-of-consortium claim is derivative of the negligence claim(s) and survives only if the defendant is held liable for the other spouse's injury. *See McLaughlin v. Andy's Coin Laundries, LLC*, 2018-Ohio-1798, 112 N.E.3d 57, ¶ 35 (1st Dist.). Therefore, our holding that Verizon was not liable for Patricia's injuries necessarily disposes of Tyrone's loss-of-consortium claim.

**{¶4}** Verizon moved for summary judgment, arguing that the Prices' negligence claim was barred by the "open-and-obvious" doctrine. Verizon cited Patricia's admission that she saw that the curb was wet before she stepped onto it, there was nothing obscuring her view of the curb, and nothing was distracting her.

**{¶5}** The Prices' response to Verizon's summary-judgment motion repeated the complaint's allegations and attached Patricia's affidavit. Patricia stated that she became aware of the "hazardous condition" of the curb only after a Verizon employee told her about it. She asserted that employees made statements that "lead [her] to believe that other patrons had also experienced either falls or other difficulties in their attempts to enter" the Store and that the "slight increases" in the curb leading to the Store were not open and obvious. But Patricia did not attach affidavits from any of these employees or submit any additional evidence to support this claim.

**{¶6}** The trial court granted summary judgment in Verizon's favor, finding that Patricia failed to provide evidence of any hazardous conditions for which Verizon could be held liable.

**{¶7}** The Prices appealed.

### Law and Analysis

#### A. Summary-judgment standard and negligence

**{¶8}** In their sole assignment of error, the Prices argue that the trial court erred by granting Verizon's summary-judgment motion. The Prices contend that the "defective, gradually slanting walkway with adjoining steps" was not an open-and-obvious danger and that Patricia did not become aware of the hazard until she had spoken with the Store's employees after her fall.

**{¶9}** We review summary-judgment decisions de novo. *Holloman v. Permanent Gen. Assur. Corp.*, 1st Dist. Hamilton No. C-180692, 2019-Ohio-5077, ¶ 8. Under Civ.R. 56(C), summary judgment is proper when the moving party establishes (1) an absence of genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds could only find in favor of the moving party. *Id.* at ¶ 7, quoting *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9.

**{¶10}** To prevail on a negligence claim, a plaintiff must establish that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) that breach proximately caused the plaintiff's injuries. *Butler v. TriHealth*, 2022-Ohio-4354, 203 N.E.3d 751, ¶ 15 (1st Dist.), citing *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10.

**{¶11}** In premises-liability cases, property owners' duties to those entering the property are defined by whether the person is an invitee, licensee, or a trespasser. *Eagle v. Owens*, 1st Dist. Hamilton No. C-060446, 2007-Ohio-2662, ¶ 31. Invitees are business visitors to the property by invitation, express or implied, to provide an economic benefit to the owner. *Id.* Business owners owe their invitees a duty to exercise ordinary care to maintain their premises in a reasonably safe condition. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985).

**{¶12}** But premises owners are not insurers of their invitees' safety against all possible dangers. *Lang* at ¶ 11. Invitees must take reasonable precautions to avoid obvious dangers. *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968).

**{¶13}** An invitee's slip and fall alone does not establish negligence on the part of the business owner. *Goddard v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 111049, 2022-Ohio-2679, ¶ 19. The plaintiff must identify the hazard that caused the fall. *Brosnan v. Heinen's, Inc.*, 8th Dist. Cuyahoga No. 105207, 2017-Ohio-8402, ¶ 28-31, quoting *Stamper v. Middletown Hosp. Assn.*, 65 Ohio App.3d 65, 67, 582 N.E.2d 1040 (12th Dist.1989). The plaintiff bears the burden of showing that the condition that allegedly caused the fall was unreasonably dangerous. *Goddard* at ¶ 19. And minor defects or "trivial departures from perfection" are commonly encountered, should be expected, and do not impose liability on the premises owner. *Ludwigsen v. Lakeside Plaza, LLC*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 28, quoting *Helms v. Am. Legion, Inc.*, 5 Ohio St.2d 60, 62, 213 N.E.2d 734 (1966).

### B.  Patricia failed to support her hazardous-condition claim

**{¶14}** The trial court found that Patricia failed to provide any evidence of a hazardous condition. We agree.

**{¶15}** In her memorandum opposing Verizon's summary-judgment motion, Patricia asserted that a hazardous condition existed, she learned of it after her fall, and the "slight increases in the height of the physical condition of steps/curbs" were not open and obvious. But Patrica provided no evidence that the curb constituted an unreasonably dangerous hazard from which Verizon was required to protect her. The Prices' response to Verizon's summary-judgment motion did not provide photos of the step to show that it was unusually steep. There was no evidence suggesting that the curb had an unreasonably slippery surface, was slanted, or any other condition suggesting an unreasonable danger. Indeed, Patricia's characterization of the curb as

5

having "slight increases" in height demonstrated nothing more than a trivial defect.

{¶16} Patricia did not demonstrate that her injuries were proximately caused by any breach of Verizon's duty of care because she cannot show that her injuries were caused by a hazardous condition.

### C. Any hazard was open and obvious

{¶17} Even if Patricia had established the existence of a hazardous condition, Verizon had no duty to warn Patricia of an open-and-obvious danger.

{¶18} A business owner owes its invitees a duty to maintain the premises in a reasonably safe condition and warn them of latent or hidden dangers. *Duell v. City of Cincinnati*, 2018-Ohio-4400, 122 N.E.3d 640, ¶ 5 (1st Dist.). But a business owner has no duty to warn an invitee of a danger that is open and obvious. *Milatz v. City of Cincinnati*, 2019-Ohio-3938, 145 N.E.3d 1117, ¶ 8 (1st Dist.). This is because the condition's open-and-obvious nature serves as a warning of the danger. *Id*. This court has defined an open-and-obvious hazard as one that is not "hidden, concealed from view, or undiscoverable upon ordinary inspection." *Esterman v. Speedway LLC*, 1st Dist. Hamilton No. C-140287, 2015-Ohio-659, ¶ 7, quoting *Thompson v. Ohio State Univ. Physicians, Inc.*, 10th Dist. Franklin No. 10AP-612, 2011-Ohio-2270, ¶ 12.

{¶19} It is well established that accumulations of rainwater inside businesses' doors are open-and-obvious dangers because an invitee should expect water on the floor on a rainy day. *See Winston v. Pizza Hut*, 2d Dist. Montgomery No. 29265, 2022-Ohio-859, ¶ 16 (plaintiff slipped in a restaurant's lobby on a rainy day); *Boles v. Montgomery Ward & Co.*, 153 Ohio St. 381, 92 N.E.2d 9 (1950), paragraph two of the syllabus ("Ordinarily, no liability attaches to a store owner or operator for injury to a patron who slips and falls on the store floor which has become wet and slippery by

reason of water and slush tracked in from the outside by other patrons."); *Martin v. Giant Eagle, Inc.*, 10th Dist. Franklin No. 13AP-809, 2014-Ohio-2657, ¶ 22-23 (water tracked in by other patrons "is a condition created by inclement weather and everyone should be aware of the conditions."); *Lupica v. Kroger Co.*, 3d Dist. Marion No. 9-91-48, 1992 Ohio App. LEXIS 2677 (May 29, 1992) (rainwater accumulation near a store's entrance is an obvious danger).

{¶20} Likewise, falling on a wet outdoor curb on a rainy day is not the type of hazard against which a business must warn its invitees. *Goblirsch v. El Camino Real Sky, Ltd.*, 6th Dist. Lucas No. L-11-1030, 2011-Ohio-5421, ¶ 14 (Restaurant was not liable to 11-year-old invitee who slipped on rain-soaked concrete before entering the restaurant because the hazard was an open-and-obvious danger.). While her affidavit blamed her fall on the slight height variances, Patricia's interrogatory responses cited the "high concrete step edge and rain." A step that is slippery due to rain accumulation is an open-and-obvious danger about which Verizon had no duty to warn its invitees.

{¶21} The Prices did not establish the existence of an unreasonably hazardous condition. And if there were such a condition, it was open and obvious. The trial court properly granted Verizon's summary-judgment motion. We overrule the Prices' sole assignment of error.

**Conclusion**

{¶22} For the foregoing reasons, we affirm the trial court's judgment.

Judgment affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

7